IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KANE;<br>SHERIFF DONALD E. KRAMER, individually and in his official capacity;<br>COMMANDER COREY HUNGER, individually and in his official capacity;<br>LIEUTENANT JAMES LEWIS, individually and in his official capacity;<br>LIEUTENANT JOHN HICKEY, individually and in his official capacity;<br>DOES 1-10, in their individual and official capacities,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT 42 U.S.C. §1983 AND DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## I.     INTRODUCTION

1. Plaintiff, PRISON LEGAL NEWS ("PLN" or "Plaintiff"), brings this action to enjoin Defendants' censorship of its monthly journal, *Prison Legal News,* and their failure to provide constitutionally adequate due process of law to PLN and other senders of censored mail. Defendants have adopted and implemented mail policies that unconstitutionally prohibit delivery of *Prison Legal News* to prisoners in their custody at the Kane County Adult Detention Center ("KCDC"), in violation of the First and Fourteenth Amendments to the U.S. Constitution.

## II.     JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1331 (federal question), as it arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 (civil rights), as it seeks redress for civil rights violations under 42 U.S.C. § 1983.

1

3. Plaintiff's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to the Plaintiff by the First, Fifth, and Fourteenth Amendments to the U.S. Constitution and laws of the United States.

4. Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

5. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, at least one Defendant resides within this judicial district, and the events giving rise to the claims asserted herein all occurred within this judicial district.

6. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure as well as nominal and compensatory damages, against all Defendants.

7. Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, individual Defendants acted with the intent to injure, vex, annoy and harass Plaintiff, and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury and depriving it of its constitutional rights.

8. As a result of the forgoing, Plaintiff seeks exemplary and punitive damages against the individual Defendants.

### III.   PARTIES

9. Plaintiff, Prison Legal News ("PLN"), is a publisher project of the Human Rights Defense Center, a not-for-profit, Washington charitable corporation recognized under 26 U.S.C.

§ 501(c)(3), with offices in Lake Worth, Florida. PLN publishes *Prison Legal News*, a monthly journal of prison news and analysis.

10. Defendant, County of Kane, is a unit of government organized and existing under the laws of the State of Illinois. Defendant, County of Kane, is and was at all relevant times mentioned herein, responsible for the policies, procedures, customs and practices of the Kane County Sheriff's Department ("the Sheriff's Department" or "the Department") and the actions and/or inactions of its employees and agents. The Department operates the Kane County Adult Detention Center ("KCDC"), and is and was responsible for adopting and implementing mail policies governing incoming mail for prisoners at KCDC. Said policies and practices are the moving force behind the constitutional violations at issue herein.

11. Defendant, Sheriff Donald E. Kramer, is employed by and is an agent of Defendant County of Kane and the Department. He is responsible for overseeing the management and operations of the jails, and for the hiring, screening, training, retention, supervision, discipline, counseling, and control of the personnel of KCDC who interpret and apply the mail policy for prisoners. As Sheriff, Defendant Kramer is a final policymaker for the Department and for Defendant County of Kane with respect to the operations of KCDC, including for policies governing incoming mail for prisoners. He is sued in his individual and official capacities.

12. Defendant, Commander Corey Hunger, is employed by and is an agent of Defendant County of Kane and the Sheriff's Department. His duties include overseeing all jail responsibilities, including but not limited to the mailroom, reception, booking and classification, housing, and other jail services. He is responsible for the operation and management of the KCDC and for the promulgation and implementation of its policies, including the prisoner mail policies challenged herein. He is also responsible for the hiring, screening, training, retention,

supervision, discipline, counseling, and control of the personnel of KCDC who interpret and apply the mail policy for prisoners. Defendant Hunger directly participated in and/ or authorized the censorship of *Prison Legal News*. He is sued in his individual and official capacities.

13. Defendant, Lieutenant James Lewis, is employed by and is an agent of Defendant County of Kane and the Sheriff's Department. His duties include, but are not limited to overseeing facility audits, workmen's compensation claims and leaves of absences. Defendant Lewis also oversees the operation of the Corrections Response Team (CRT), and serves an administrative function overseeing commissary, detainee accounts, detainee programs, mailroom, visiting program and front lobby reception. Defendant Lewis directly participated in and/ or authorized the censorship of *Prison Legal News*. He is sued in his individual and official capacities.

14. Defendant, Lieutenant John Hickey, is employed by and is an agent of Defendant County of Kane and the Sheriff's Department. His duties include, but are not limited to officer training including NEMERT, FTO Program and all training records and certifications. Defendant Hickey also serves an administrative function overseeing commissary, detainee accounts, detainee programs, mailroom, visiting program and front lobby reception. Defendant Hickey directly participated in and/or authorized the censorship of *Prison Legal News*. He is sued in his individual and official capacities.

15. The true names and identities of Defendants DOES 1 through 10 are presently unknown to PLN. Each of Defendants DOES 1 through 10 are or were employed by and are or were agents of Defendant County of Kane when some or all of the challenged prisoner mail policies and practices were adopted and/or implemented. Each of Defendants DOES 1 through 10 are or were personally involved in the adoption and/or implementation of the mail policies for prisoners, and/or are or were responsible for the hiring, screening, training, retention,

4

supervision, discipline, counseling, and/or control of KCDC staff who interpret and implement these prisoner mail policies. They are sued in their individual and official capacities. PLN will seek to amend this Complaint as soon as the true names and identities of Defendants DOES 1 through 10 have been ascertained.

16. At all times material to this action, the actions of all Defendants as alleged herein were taken under the authority and color of state law.

### IV. FACTUAL ALLEGATIONS

17. PLN publishes and distributes a 72-page soft-cover monthly journal containing corrections news and analysis about prisoners' rights, court rulings, management of prison facilities, prison conditions, and other matters pertaining to the rights and/or interests of incarcerated individuals.

18. PLN has thousands of subscribers in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and members of the general public. PLN distributes its monthly publication to prisoners and law librarians in approximately 2,600 correctional facilities located across all fifty states, including the Federal Bureau of Prisons and the Illinois Department of Corrections.

19. The purpose of PLN, as stated in its Articles of Incorporation, Article III, Part 6, is to educate prisoners and the public about the destructive nature of racism, sexism, and the economic and social costs of prisons to society.

20. PLN engages in core protected speech and expressive conduct on matters of public concern, such as the operation of prison facilities, prison conditions, prisoner health and safety, and prisoner rights. Plaintiff's monthly journal, as described above, contains political speech and

social commentary, which are at the core of First Amendment values and are entitled to the highest protection afforded by the U.S. Constitution.

21. For the past 25 years, the core of PLN's mission has been public education, advocacy and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights.

### Censorship of PLN's Monthly Journal

22. Defendants have censored PLN's monthly journal mailed to prisoners held in custody at KCDC by refusing to deliver it to the prisoners.

23. Since August 2012, PLN has sent at least ninety-eight (98) issues of its monthly journal to prisoner-subscribers at KCDC. On information and belief, each month the following number of individually addressed issues of *Prison Legal News* were not delivered to intended recipients incarcerated at KCDC at the time it arrived in the mail:

| Item Censored | Date Mailed | Number of Items Censored |
|---|---|---|
| *Prison Legal News* | August 2012 | 8 |
| *Prison Legal News* | September 2012 | 7 |
| *Prison Legal News* | October 2012 | 7 |
| *Prison Legal News* | November 2012 | 6 |
| *Prison Legal News* | December 2012 | 6 |
| *Prison Legal News* | January 2013 | 5 |
| *Prison Legal News* | February 2013 | 5 |
| *Prison Legal News* | March 2013 | 5 |
| *Prison Legal News* | April 2013 | 5 |
| *Prison Legal News* | June 2014 | 2 |

| *Prison Legal News* | August 2014 | 1 |
| --- | --- | --- |
| *Prison Legal News* | September 2014 | 1 |
| *Prison Legal News* | October 2014 | 1 |
| *Prison Legal News* | November 2014 | 1 |
| *Prison Legal News* | December 2014 | 1 |
| *Prison Legal News* | January 2015 | 1 |
| *Prison Legal News* | February 2015 | 1 |
| *Prison Legal News* | May 2015 | 15 |
| *Prison Legal News* | June 2015 | 20 |

24. PLN intends to continue to mail monthly copies of *Prison Legal News* to prisoners incarcerated at KCDC.

## Failure to Provide Due Process

25. In May 2014, Defendants returned a copy of *Prison Legal News* that was individually addressed to Shuntina McKee – a prisoner at KCDC. The issue was received on May 21, 2014 in a manila envelope addressed to Plaintiff's offices in Lake Worth, Florida. Also enclosed within the envelope was a single sheet of paper titled "Notification of Denied Mail." (**Exhibit A**). This form contained Ms. McKee's name and further stated:

> **Description of item denied: Prison Legal News**
>
> **Reason for denial: Not allowed per commander**

The form also stated that the censorship "decision may be appealed by the detainee to the Commander or his/her designee within seven (7) days of receipt of this notice," and was signed with the four digit numerical identification: "1323." Directly below the signature line, a separate provision stated:

7

> **Notification to sender**
> **The above mail and/or publication has been denied entrance to the Kane County Sheriff's Office – Adult Justice Center. Items are denied based on safety and security concerns or content that may pose a threat to facility operations. Appeals by the sender must be filed within twenty (20) days of the posted date of denied notification. Appeals shall be made to the commander (or designee) of the Kane County Adult Justice center 37W755 Illinois Route 38, Suite A, St. Charles, IL 60175.**

26. Accordingly, Paul Wright, editor of *Prison Legal News* appealed the decision on grounds that the notice failed to: 1) provide any explanation about "how rejection of the publication serves a legitimate government interest…[and] does not offer a meaningful opportunity…to appeal;" and 2) the "[c]ensored publications should be kept [at the jail] "pending review of any appeal of the censorship decision."  **(Exhibit B)**.

27. On June 20, 2014, Defendant Corey Hunger, Commander at KCDC responded to Mr. Wright's appeal, stating:

> **Due to facility policy, no mail with staples is allowed in the facility for safety and security issues. Also due to facility policy, all denied mail is returned to sender.**

(**Exhibit C**)

28. Subsequently, on July 1, 2014, PLN received another Notification of Mail Denial dated June 24, 2014 regarding censorship of *Prison Legal New*s sent to three (3) prisoners at KCDC: Diane McWilliams; Braundi Young, and Shuntina McKee.  The reason provided for the censorship was:

> **Description of item denied:  Prison Legal News** ③
>
> **Reason for denial:    Publication's [sic] of this sort is [sic] not allowed because of the staples**

8

The notification form was signed with the numerical identification: "1668." The provision regarding notification to sender that discusses the right to appeal was specifically blacked out with a marker pen. (**Exhibit D**).

29. Subsequent copies of *Prison Legal News* sent to prisoners in individually addressed envelopes were occasionally returned to Plaintiff's offices in Lake Worth, Florida via the U.S. Post Office Return to Sender service, at Plaintiff's expense. The returned mail contained terse notations in black marker pen stating:

> **No Staples Allowed**

(**Exhibit E**). PLN never received any further Notification of Mail Denial forms from anyone at KCDC.

30. Additionally, the majority of the ninety-eight (98) copies of *Prison Legal News* sent to prisoners at KCDC were never returned, nor did Plaintiff receive any notice of the censorship or provided with any opportunity to appeal the decision.

31. Defendants' failure to retain copies of *Prison Legal News* during the pendency of any appeal, and/or the complete failure to provide any notice or opportunity to appeal the censorship decision, violates Plaintiff's Fourteenth Amendment right to due process of law.

## Jail Policies and Practices

32. The Jail's "Detainee Handbook" explicitly censors any magazines containing staples. Specifically, it provides that:

> Any incoming mail containing (but not limited to) adhesives, gummed areas, tape, stamps, stickers, staples, paperclips, magazine or newspaper clippings, any type of photograph, black papers or cards, blank envelopes, or foreign substances (examples: glitter, lipstick, perfume or other scents) is not allowed in the facility for security and safety reasons, and will be returned to the sender.
>
> Kane County Adult Justice Center, Detainee Handbook revised November 2014 (Detainee Handbook") at p. 28, attached hereto as **Exhibit F**.

33. The Detainee Handbook further provides that "[the prisoner] may receive books, newspapers and magazines (media) from a bookstore or publisher only," but it must still meet "all jail standards to be acceptable (Example: magazines containing staples will not be delivered to [the prisoner]." *Id.* at 29-30.

34. On information and belief, Defendants' mail policies, practices and customs have been used to censor PLN's written speech and to deny PLN due process of law when effectuating said censorship.

35. Defendants' conduct prohibiting PLN from mailing its journal to prisoners confined at KCDC violates the First Amendment. Defendants' policies, practices and customs censor these expressive activities and have a chilling effect on PLN's future speech and expression directed toward prisoners confined there. Defendants' policies, practices and customs in this regard are unconstitutional both facially and as applied to *Prison Legal News*.

36. Reasonable discovery will show that Defendants' mail policies do not provide senders of censored mail with constitutionally adequate due process of law. Defendants' conduct in denying due process of law to PLN and other senders of censored mail violates the Fourteenth Amendment. Defendants' policies, practices and customs in this regard are unconstitutional both facially and as applied to Plaintiff.

37. Due to Defendants' actions as described above, Plaintiff has suffered damages, and will continue to suffer damages, including, but not limited to: the violation of the Plaintiff's constitutional rights; the impediment of Plaintiff's ability to disseminate its political message; frustration of Plaintiff's non-profit organizational mission; diversion of resources; loss of

10

potential subscribers and customers; an inability to recruit new subscribers and supporters; the loss of reputation; and the costs of printing, handling, mailing, and staff time.

38. Defendants' actions and inactions were and are motivated by ill motive and intent and were and are all committed under color of law with reckless indifference to PLN's constitutional rights.

39. Defendants and other agents of KCDC are responsible for or personally participated in creating and implementing these unconstitutional policies, practices, and customs, or they are responsible for ratifying and/or adopting them. Further, Defendants are responsible for training and supervising the mail staff whose conduct has injured and continues to injure PLN.

40. Defendants' unconstitutional policy, practices, and customs are ongoing and are the moving force behind the constitutional violations. As such, PLN has no adequate remedy at law.

41. PLN is entitled to injunctive relief prohibiting Defendants from refusing to deliver its journal without any legal justification, and prohibiting Defendants from censoring mail without due process of law.

## V. CLAIMS

### Count I – 42 U.S.C. § 1983
### Violation of the First Amendment

42. Each paragraph of this Complaint is incorporated as if restated fully herein.

43. The acts described herein constitute violations of Plaintiffs rights, the rights of other correspondents who have attempted to or intend to correspond with prisoners at KCDC, and the rights of prisoners confined at KCDC, under the First Amendment of the United States Constitution.

44. Plaintiff has a constitutionally protected liberty interest in communicating by mail with incarcerated individuals, a right clearly established under existing case law.

45. Defendants' conduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

46. Plaintiff's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were the moving force behind such violations.

47. The acts described above have caused damages to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff.

48. Plaintiff seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. Plaintiff seeks punitive damages against the individual Defendants in their individual capacities.

### Count II – 42 U.S.C. § 1983
### Violation of the Fourteenth Amendment

49. Each paragraph of this Complaint is incorporated as if restated fully herein.

50. The acts described above constitute violations of Plaintiffs rights, the rights of other correspondents who have attempted to or intend to correspond with prisoners at KCDC under the Fourteenth Amendment of the United States Constitution.

51. Plaintiff has a right under the Due Process Clause of the Fourteenth Amendment to receive notice and the opportunity to object and/or appeal Defendants' decisions to prevent censors and suppress PLN's written speech.

52. Defendants' policy and practice of banning *Prison Legal News* without notice to PLN and without an opportunity for PLN to be heard violates the Fourteenth Amendment's Due Process Clause.

53. The conduct of Defendants was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

54. Plaintiff's injuries and the violations of his constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were the moving force behind such violations.

55. The acts described above have caused damages to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff.

56. Plaintiff seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. Plaintiff seeks punitive damages against the individual Defendants in their individual capacities.

**Injunctive Allegations**

57. Defendants' unconstitutional policies and practices are ongoing and continue to violate Plaintiff's constitutional rights and the rights of other correspondents and prisoners. As such, there is no adequate remedy at law.

58. Plaintiff is entitled to injunctive relief prohibiting Defendants from refusing to deliver PLN's monthly journal to people held in their custody. Plaintiff is also entitled to injunctive relief prohibiting Defendants from censoring mail without due process of law.

## VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

59. A declaration that Defendants' policies and practices violate the Constitution.

60. Nominal damages for each violation of Plaintiff's rights by the Defendants.

61. A permanent injunction preventing Defendants from continuing to violate the Constitution, and providing other equitable relief.

62. Compensatory damages in an amount to be proved at trial.

63. Punitive damages against the individual Defendants in an amount to be proven at trial.

64. Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and under other applicable law.

65. Any other such relief that this Court deems just and equitable.

Respectfully Submitted,

/s/ Jon Loevy
Arthur Loevy
Jon Loevy
Matthew Topic
LOEVY & LOEVY
312 N. May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900

/s/ Lance Weber
Lance Weber, Fla. Bar No.: 104550*
Sabarish Neelakanta, Fla. Bar No.: 26623*
Human Rights Defense Center
PO Box 1151
Lake Worth, FL 33460
(561) 360-2523

*Pro Hac Vice applications to be filed

## VII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ Jon Loevy
Arthur Loevy
Jon Loevy
Matthew Topic
LOEVY & LOEVY
312 N. May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900