# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PRISON LEGAL NEWS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COUNTY OF KANE, et al., )<br>)<br>Defendants. )<br>) | Case No.: 15-cv-9250<br>Honorable Harry D. Leinenweber |

## COUNTY OF KANE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

NOW COMES defendant County of Kane ("Kane County") by and through its attorney, State's Attorney Joseph H. McMahon, through his Assistants Erin M. Gaeke and Lindsay Hatzis, pursuant to Fed. R. Civ. P. 12(b)(6), and moves that this Honorable Court dismiss all substantive claims against Kane County. In support of such Motion, Kane County hereby states as follows.

## BACKGROUND

Plaintiff's claims against the County of Kane, Sheriff Kramer, former Commander Hunger, Lts. Lewis and Hickey and John Doe defendants, allege, pursuant to 42 U.S.C. § 1983, that those Defendants violated Plaintiff's First and Fourteenth Amendment rights via their alleged suppression of Plaintiff's speech. Specifically, Plaintiff, a legal news publication, alleges that it attempted to send its newsletter to a number of detainees housed in the Kane County Adult Justice Center, and that Defendants acted to unlawfully deny the newsletters and failed to provide adequate due process for challenging those actions. Plaintiff seeks nominal, compensatory, and punitive damages, as well as injunctive relief.

Plaintiff erroneously alleges that Kane County is "responsible for the policies, procedures, customs and practices of the Kane County Sheriff's Department ("the Sheriff's Department" or

"the Department") and the actions and/or inactions of its employees and agents". (Compl. p. 3). While Kane County acknowledges that it is an indispensable party to this suit for paying any judgment entered against the other defendants in their official capacities, all substantive claims against Kane County should be dismissed because, as a matter of law, none of the named Defendants, are employees of Kane County.

## STANDARD FOR DISMISSAL

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the non-moving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)("noting that this tenet is "inapplicable to legal conclusions"). To defeat a Rule 12(b)(6) motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). The United States Supreme Court has stated that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). A complaint that contains factual allegations that are "merely consistent with a defendant's liability…stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citations omitted).

## ARGUMENT

**I.  Substantive Claims against the County of Kane are Subject to Dismissal.**

A county sheriff is an independently elected county officer and not an employee of the county in which he serves. *Plaxico v. County of Cook*, No. 10 C 272, 2010 WL 3171495 at *3 (N.D. Ill. Aug. 11, 2010)(citing *Askew v. Sheriff of Cook County, Ill*., 568 F.3d 632, 636 (7th Cir.

2009)). As such, in Illinois, county boards cannot be held liable for the actions of county sheriffs, and suits against a sheriff in his official capacity are in reality suits against the county sheriff's department and not the county board. *Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998) (citations omitted); *Plaxico* 2010 WL 3171495 at *3. Moreover, in Illinois, a county has no authority to control a sheriff or his officers. *Moy v. County of Cook*, 159 Ill. 2d 519, 526 (Ill. 1994). However, since the sheriff's office itself is funded by the county, in Illinois, counties are required to pay judgments entered against the sheriff in his official capacity. *Carver v. Sheriff of LaSalle County, Illinois*, 324 F.3d 947, 948 (7th Cir. 2003).

In *Plaxico*, a former superintendent of the Cook County Sheriff's Department filed a claim against Cook County, the Cook County Sheriff, and other sheriff's employees, claiming retaliation and interference for violations of FMLA after he was demoted following an approved intermittent medical leave. *Plaxico* 2010 WL 3171495 at *3. Recognizing the principle that a sheriff is not an employee of the county in which he serves, the court granted Cook County's motion to dismiss claims brought against it. Id.

In this case, as in *Plaxico*, as a matter of law, Kane County is not the employer of the independently-elected sheriff, former Commander Hunger, Lt. Lewis, or Lt. Hickey. Therefore, Kane County asserts the Complaint fails to state a claim against it separate and apart from its potential liability to satisfy a judgment against these Defendants in their official capacities.

Therefore, Kane County requests dismissal of the substantive claims against it, although it acknowledges it must remain an indemnifier defendant for the purpose of paying a potential judgment against the remaining defendants in their official capacities only.

## **CONCLUSION**

WHEREFORE, Defendant County of Kane respectfully requests that this Court grant its Motion and dismiss all substantive claims against it.

                                                                  Respectfully submitted,
COUNTY OF KANE

By: /s/Erin M. Gaeke
Assistant State's Attorney


JOSEPH H. MCMAHON
KANE COUNTY STATE'S ATTORNEY
Erin M. Gaeke
Lindsay Hatzis
Assistant State's Attorneys
100 S. Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320
Atty Reg. No. 6292443
gaekeerin@co.kane.il.us