IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>                Plaintiff,<br><br>v.<br><br>COUNTY OF KANE;<br>SHERIFF DONALD E. KRAMER, individually and in his official capacity;<br>COMMANDER, COREY HUNGER, individually and in his official capacity;<br>LIEUTENANT JAMES LEWIS, individually and in his official capacity;<br>LIEUTENANT JOHN HICKEY, individually and in his official capacity;<br>DOES 1-10, in their individual and official capacities,<br><br>                Defendants. | Case No.: 15-CV-9250<br>Hon. Harry D. Leinenweber<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT COUNTY OF KANE'S MOTION TO DISMISS [Dkt. No. 21].** |

### I. DEFENDANT COUNTY OF KANE IS A NECESSARY AND INDISPENSABLE PARTY TO THE LAWSUIT AS AN INDEMNIFIER DEFENDANT

Plaintiff agrees that under Illinois law Defendant Sheriff Donald E. Kramer is exclusively charged with the custody and care of the Kane County Adult Detention Center ("Jail"). 55 ILL. COMP. STAT. 5/3-6017; *Ryan v. Cnty. of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995)("Illinois sheriffs are independently elected officials not subject to the control of the county."). Accordingly, the substantive claims against Defendant County of Kane are subject to dismissal under FED. R. CIV. P. 12(b)(6).

However, as Defendants concede, the County of Kane cannot be entirely dismissed from the lawsuit. Under Illinois law, the County must indemnify the sheriff's office for official

1

capacity claims. *Carver v. Sheriff of LaSalle Cnty.*, 787 N.E.2d 127, 129 (Ill. 2003). The Illinois Supreme Court, in response to a certified question from the Seventh Circuit on this issue, held that "[b]ecause the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity." *Id.* The Seventh Circuit subsequently held that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." *Carver v. Sheriff of LaSalle Cnty., 324 F.3d 947, 948 (7th Cir. 2003)*; *see also Taylor, 2015 U.S. Dist. LEXIS 38250, 2015 WL 1428920,* at *2 ("Cook County shall remain a party to this action for the sole purpose of satisfying its obligation under state law to indemnify the Sheriff's Office for any judgment against it.").

Here, Sheriff Donald E. Kramer has been sued in his official capacity for instituting and implementing a policy and practice of unconstitutionally censoring Plaintiff's monthly journal – *Prison Legal News* – in violation of the First Amendment; and for the Sheriff's failure to provide due process notice and an opportunity to appeal in violation of the Fourteenth Amendment. Plaintiff's complaint, moreover, pleads sufficient facts in support of its *Monell* claim against the Sheriff, and the existence of the unconstitutional policy and practice at the Jail. Therefore, while the substantive claims against Defendant County of Kane should be dismissed, the County must remain a party to this lawsuit for purposes of indemnification only.

Respectfully Submitted,

/s/ Matthew Topic
Matthew Topic
LOEVY & LOEVY
312 N. May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900

/s/ Lance Weber
Lance Weber, Fla. Bar No.: 104550*
Sabarish Neelakanta, Fla. Bar No.: 26623*
Human Rights Defense Center
PO Box 1151
Lake Worth, FL 33460
(561) 360-2523

*Pro Hac Vice*

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of March, 2016, I filed a copy of the above and foregoing with the Court's CM/ECF system which will provide a copy to all counsel of record in this matter.

Respectfully Submitted,

/s/ Matthew Topic
Matthew Topic
LOEVY & LOEVY
312 N. May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900